Today's cases will be called as previously announced, and the times will be as allotted to counsel. The first case today is No. 232037, United States v. Jerry Omar Rodriguez-Reyes. Will counsel for appellant please come up and introduce yourself on the record to begin. Good morning, Your Honors. Judge Thompson, Judge Barron, and Judge Highframe. My name is Maria Soledad Ramirez Becerra. I'm the court appointed counsel for appellant Jerry Rodriguez-Reyes. In this case, Your Honor, we are dealing with a gentleman who is right now 43 years old. He has been serving time in prison since 2006 when he was arrested for two charges, a conspiracy to possess with intent to distribute 50 grams of- We don't have a huge amount of time for the argument. We're pretty familiar with the facts. You can go right to your legal arguments. Our argument- And if I may, you might want to start with the second issue about whether even if it's a covered offense there was an error. Yes, Your Honor. Under the First Step Act, Section 404A, B, I'm sorry. It is specifically stated that a covered offense is an offense- I'm saying even if it's a covered offense, the district court concluded that he still wouldn't grant the relief because of the 3553A factors, which I know you object to. Do you want to just address that point first? That's correct, Your Honor. Under Concepcion v. U.S., the Supreme Court established the standard to be applied in circumstances where a defendant is illegible and covered under the First Step Act. In this particular case, the district court, in a simple two-sentence order, decided that due to his ingenious criminal record, even if he was illegible, he wouldn't have been illegible. From that succinct order, there is no way that this honorable court or Mr. Rodriguez-Reyes himself or the government could conclude that he took in consideration all the non-frivolous factors presented before the district court that justified a reduction to his sentence. As we began stating, he has been serving time for almost 15 years. The court kept pointing to the seven murders that he was involved conspiratorially in, and one alleged murder that he himself committed and thought based upon the 3553 factors that outweighed anything else. Yes, the explanation, if we would call it that, is not robust, but why would we not be able to look at the record and the written submissions and not understand the district court's decision? We respectfully submit, Your Honors, that he gave, the district judge gave, too much weight to the criminal circumstances that took place when he was convicted to life. There were other circumstances in time. He was not the same person. He was 30 years old when he was sentenced to life. When he requested the reduction, a long time passed. He's another person right now. In 2003, when he requested the reduction, he was 43 years old. Also, he presented evidence before the court that from the court order, we cannot conclude that he considered that he had completed more than 1,900 vocational and educational courses. He even submitted a certificate from his supervisor at the Bureau of Prison, certifying and giving faith. But that was all laid out, right, in the pleading, in the filings of the parties, right? It was laid out, and it is part of the record, and the court. And we say, well, yes, we consider, the district court viewed all the facts that were put in the pleadings, and then they might only talk about the one that mattered. I mean, I think you kind of have to acknowledge that an actual murder and participation in six other killings, that definitely would be at the forefront of someone's mind who is resentencing. So you're saying he ignored the things. I think another way to reframe it is he knew of all the things, but the murders really carried the weight here, and it's hard to say that's abusive decision by the judge. What we are saying, Your Honor, is that it's not that he, we don't know if he considered it or not, because the order is also sent. Why isn't the reference to the 3553A factors a good indication that, at least on this record, he did consider it? One thing, if all he said was he has a terrible record, then you might be worried he just locked in on only one thing and didn't realize he was supposed to consider everything. But he's expressed in saying, I considered the 3553A factors and under them in light of his criminal record. I mean, I understand the concern that you would wish he had addressed more things, but our case law is fairly clear that if it's discernible from the record, and I guess what we're just puzzled by is what's not discernible? What do you make of the significance of the reference to the 3553A factors? The way we understand, Your Honor, or interpret the district court order, is that he basically gave weight to this fact of the murders that we are not going to deny, but also there are other factors. But what makes you think he didn't consider them, since he says he references the consideration of the 3553A factors? To begin with, Your Honor, the judgment needs to be a reasonable punishment, and within the statutory maximums established by law. And in this particular case, the fact that he determined that Mr. Rodriguez-Reyes was not illegible prevented him from analyzing the fact that under the new statutory limits established. I had a question about this, though. Doesn't the 924C conviction still carry a life sentence possibility? Yes, but cannot be in excess of the statutory maximum established by law. But isn't the statutory maximum under 924C life? No, under the changes made retroactive. That applies to the drug offense. The drug offense is now 80 years. But as I understand 924C, it would be whatever the mandatory minimum is to life. So as far as this being sort of theoretically an illegal sentence beyond the statutory maximum, I don't think that's what we have. Well, under the firearms offense, that's what the record says, because that's what the presentence report established. We don't know, because that was not addressed by the U.S. probation officer when the probation officer was requested to render the recommendations to the court as to the reduction. The probation officer, in fact, acknowledged that a variance or at least a reduction should be applied to this gentleman. And in that sense, we understand that the judge, the district judge, abuses his discretion. Under Concepcion, he had a broad discretion to make a determination, but he had to consider all the factors and he had to reach a reasonable punishment according to the statutes applicable. He didn't give a chance to Mr. Rodriguez in this case. And we respectfully submit that the case be reversed and remanded for resentencing. Thank you. Thank you, counsel. Well, attorney for Appley, please come up and introduce yourself on the record to begin. Good morning. May it please the court, Jennifer Velez Perez for the United States. We ask this court to affirm the district court's denial of Mr. Rodriguez's first step act motion. He was both ineligible under Section 404C and the district court independently exercises broad discretion, finding that based on the 3553 factors, it would not reduce his sentence even if he were eligible. And as your honors pointed out, this makes sense based on his record. He was the leader in a drug trafficking organization that was known to be very violent. He was held responsible for participating. I mean, the conspiracy was held responsible for seven murders and he personally was involved in at least four. And so it's reasonable and not an abuse of discretion for the court to find that on this record, even if he had been eligible, the court would deny the reduction. We wanted to also point out that because he was held responsible for 54 kilograms of crack, we do believe that... If we think the court was wrong on its first step analysis, should we go on to think about this as something that may have influenced the court with regard to the 3553 analysis? We don't believe so, your honor. First, we think he was not eligible, not because he didn't have a covered offense. We do agree that it was a covered offense. We just believe that he was sentenced in accordance with the Fair Sentencing Act. His sentencing happened after November 1st, which is when 2010... But there was an error in how they... I understand the timing, so it is after, but then they did it wrong, right? Well, your honor, we think that at most he would have an apprendi error because his conviction was for 50 grams, but he was held responsible in the... So is your point that that problem is actually a 2255 problem, sort of an ineffective counsel problem and not a first step back problem? Yes, your honor. It would have been an apprendi error that he could have raised at sentencing or on his direct appeal. Does that just turn on what in accord with means? Yes, in accordance with the act, and there is a... What is... They used the wrong manual, is that right? They used the manual for 2009, but I... So how... Just like on an ordinary English language view of things, how was he sentenced in accordance with the act? Well, I think... Are you just saying it's impossible after that date not to sentence him in accordance with the act? We believe that what drives the fact that he was still sentenced in accordance was the drug amount that he was held responsible for because... And we talk about this in the brief in footnote 8. He would still be sentenced to life based on his 54 kilograms, which far exceeded the 280... Wasn't he... Grams. So he was in fact sentenced... The judge was using the wrong manual, right? We've made the argument before, Nadia Vazquez, that the sentencing manual is not really relevant to the question of whether he was sentenced in accordance with the Fair Sentencing Act because what matters is the amount of drugs that he was held responsible for and basically it's the conspiracy-wide amount that determines the stat max under the Casas case. So in that sense, we are arguing that it was in accordance with the act. And does the act make any reference to the guidelines or anything?  No, Your Honor. And so because of that, at most, he would have had an apprendi error that we believe might even be found harmless or it would have been found harmless So the error is the indictment would have too low of an allegation in it, right? That's the error? That's the error. The indictment and the conviction was for 50 grams, but because the PSR and this court in its direct appeal assumed the 54 kilograms, he's still a sentence in accordance with the act, which required only 280 grams. So based on both of what the court held, both his ineligibility and the court's broad discretion, which Concepcion said because it's so broad under the First Step Act, appellate review should not be overly searching, we ask that this court affirm. If the court has no further questions, we rest our brief. Thank you. Thank you, Counsel. That concludes arguments in this case.